UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HEATHER DIME,<br><br>    Plaintiff<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | No. 2:24-cv-00827<br><br>COMPLAINT FOR DECLARATION OF RIGHTS TO BENEFITS; FOR RECOVERY OF BENEFITS; AND FOR CLARIFICATION OF RIGHTS TO FUTURE BENEFITS |

COMES NOW THE PLAINTIFF, Heather Dime, and alleges as follows:

## I. NATURE OF ACTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff brings this action for the purpose of recovering disability benefits under an ERISA-governed employee benefit plan, enforcing her rights under that Plan, and clarifying her rights to future benefits.

## II. JURISDICTION AND VENUE

This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

COMPLAINT - 1
No. 2:24-cv-00827

**LAW OFFICE OF MEL CRAWFORD**
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX: (206) 905-2342

## III. PARTIES

3.1  Plaintiff is an adult, residing in Bothell, Washington.

3.2  Defendant Metropolitan Life Insurance Company is a foreign insurance company.

## IV. FACTUAL ALLEGATIONS

4.1  Defendant Metropolitan Life Insurance Company is a wholly owned subsidiary of MetLife, Inc.

4.2  Defendant is authorized to sell insurance, including disability insurance, in Washington State.

4.3  Defendant resides, or may be found, in the Western District of Washington.

4.4  At all times relevant to this action, Plaintiff was employed by Bordeaux Wealth Advisors, LLC.

4.5  Bordeaux Wealth Advisors, LLC, is an "employer" as the term "employer" is defined at 29 U.S.C. § 1002(5).

4.6  Plaintiff was an "employee" of Bordeaux Wealth Advisors, LLC, as the term "employee" is defined at 29 U.S.C. § 1002(6).

4.7  Bordeaux Wealth Advisors, LLC, provides various benefits to its employees under and/or through the "ADP TotalSource, Inc. Disability Insurance Plan" and/or the "ADP TotalSource, Inc., Health and Welfare Plan."

4.8  Defendant issued a group disability insurance policy, Group Policy Number 119920-2-G ("the Policy"), to ADP TotalSource, Inc., to fund and insure long-term disability benefits under the Plan or Plans described in the preceding paragraph.

4.9  As of this writing, Plaintiff is not able to determine the precise name of the Plan at issue in this action.  The Certificate of Insurance Defendant issued for Group Policy Number

COMPLAINT - 2
No. 2:24-cv-00827

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

119920-2-G, states in part: "THIS SUMMARY PLAN DESCRIPTION IS EXPRESSLY MADE PART OF THE ADP TOTALSOURCE, INC. DISABILITY INSURANCE PLAN." Yet in the Form 5500 it filed with the United States Department of Labor and dated March 15, 2024, the "ADP TotalSource, Inc., Health and Welfare Plan" identified Defendant as the insurer for the long-term disability benefits provided by *that* Plan. Plaintiff reserves the right to amend her Complaint to identify the correct name of the relevant Plan.

4.10  Whether titled the "ADP TotalSource, Inc. Disability Insurance Plan" or the "ADP TotalSource, Inc., Health and Welfare Plan," the plan at issue is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). It is referred to from this point forward as "the Plan."

4.11  The Plan provides long-term disability insurance benefits to Plan participants and/or beneficiaries who become disabled under its terms and are otherwise qualified to receive such benefits.

4.12  Plaintiff is a "participant" within the meaning of 29 U.S.C. § 1002(7) of the Plan.

4.13  Plaintiff is a "beneficiary" within the meaning of 29 U.S.C. § 1002(8) of the Plan.

4.14  Defendant exercises authority or control respecting the management or disposition of Plan assets and is therefore a "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21); and/or is a "named fiduciary" of the Plan pursuant to 29 U.S.C. § 1133(2) and/or is a "designated fiduciary" of the Plan pursuant to 29 U.S.C. § 1105(c)(1)(B).

4.15  Alternatively or additionally, Defendant is a "functional" fiduciary.

4.16  The Policy states in relevant part:

> **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:

COMPLAINT - 3
No. 2:24-cv-00827

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

• You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and

• during the Elimination Period and the next 24 months of Sickness or accidental injury, You are unable to earn more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in the National Economy; and

• unable to perform each of the material duties at Your Own Occupation for any employer in the National Economy for which You are reasonably qualified taking into account Your training, education and experience.

4.17  The Policy defines "Sickness" as "illness, disease or pregnancy, including complications of pregnancy."

4.18  The Policy defines "Own Occupation" as "the essential functions You regularly perform that provide Your primary source of earned income."

4.19  The Policy provides that a claimant who is disabled under its terms receives disability benefits following a 90-day "Elimination Period."

4.20  Plaintiff last worked on or about September 1, 2023.

4.21  On or about September 4, 2023, Plaintiff became disabled under the Plan's terms in that, due to sickness she was unable to earn more than 80% of her Predisability Earnings at her own occupation from any employer in the national economy, was unable to perform each of the material duties of her own occupation, and was receiving appropriate care and treatment and complying with the requirements of such treatment.

4.22  Plaintiff applied for disability benefits under the Plan.

4.23  Defendant was both the decision-maker as to whether Plaintiff was disabled under the terms of the Plan, and the entity that had to pay her disability benefits if she was disabled.

4.24  Defendant thus had a conflict of interest.

COMPLAINT - 4
No. 2:24-cv-00827

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

4.25  Defendant's conflict of interest affected its management of Plaintiff's claim.

4.26  By letter dated December 13, 2023, Defendant advised Plaintiff it denied her application for benefits.  Defendant's letter stated, "[y]ou have a right to appeal this decision" and "[i]f we deny your appeal (in whole or in part), you have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132(a)."

4.27  Plaintiff timely submitted an appeal to Defendant.

4.28  Defendant denied Plaintiff's appeal on or about April 10, 2024.

4.29  Plaintiff has been continuously disabled under the Plan since on or about September 4, 2023, in that, due to sickness, she has been and remains unable to earn more than 80% of her Predisability Earnings at her own occupation from any employer, and has been and remains unable to perform each of the material duties of her own occupation, and has received and continues to receive appropriate care and treatment and to comply with the requirements of such treatment.

4.30  Plaintiff has been and remains eligible for, and entitled to receive, disability benefits under the Plan since on or about December 3, 2023, following the Plan's 90-day Elimination Period.

4.31  Defendant wrongfully denied Plaintiff's claim for benefits under the Plan, and wrongfully refused to pay her disability benefits.

### V.  STATEMENT OF CLAIMS

5.1  Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.31 above.

COMPLAINT - 5
No. 2:24-cv-00827

**LAW OFFICE OF MEL CRAWFORD**
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

5.2  Plaintiff has been continuously disabled within the meaning of the Plan since on or about September 4, 2023, and eligible and entitled to receive disability insurance benefits since on or about December 3, 2023.

5.3  By denying Plaintiff was disabled under the Plan, and refusing to pay her disability insurance benefits, Defendant violated the Plan and denied Plaintiff her rights under the Plan.

5.4  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the disability insurance benefits due her under the Plan, to enforce her rights under the Plan and to clarify her rights to future benefits under the Plan.

5.5  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court, as described below, that she is entitled to disability insurance benefits under the Plan, and an Order directing Defendant to pay her those benefits in accordance with the Plan's terms.

## VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That this Court declare that Plaintiff has been continuously disabled within the meaning of the Plan since September 4, 2023, and has been eligible for, and entitled to receive, disability insurance benefits under the Plan since December 3, 2023;

6.2  That this Court declare that Defendant, by denying Plaintiff disability insurance benefits, violated the terms of the Plan and denied Plaintiff her rights under the Plan;

6.3  That this Court order Defendant to pay Plaintiff the disability insurance benefits she has been eligible for and entitled to receive under the Plan since December 3, 2023, with prejudgment interest through the date judgment is entered herein;

COMPLAINT - 6
No. 2:24-cv-00827

**LAW OFFICE OF MEL CRAWFORD**
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342

6.4  That this Court order Defendant to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

6.5  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

DATED this 11th day of June 2024.

                          LAW OFFICE OF MEL CRAWFORD

                          By s/*Mel Crawford*
                             Mel Crawford, WSBA #22930
                             Attorney for Plaintiff

COMPLAINT - 7
No. 2:24-cv-00827

LAW OFFICE OF MEL CRAWFORD
3244 N.E. 103rd St.
Seattle, Washington  98125
(206) 694-1614 FAX:  (206) 905-2342